In re **AFTER SIX, INCORPORATED** (**Jointly Administered with After Six Holdings, Inc., and After Six of Delaware, Inc.**).

**AFTER SIX, INC., Plaintiff,**

v.

**SHARPE'S FORMAL SPECIALISTS, INC. and Sharpe's Formal Wear, Inc., Defendants.**

**No. 95–CV–0021.**
**Bankruptcy No. 93–11150S.**
**Adv. No. 94–0940.**

United States District Court,
E.D. Pennsylvania.

March 17, 1995.

Christopher Loizides and Martin J. Black, Dechert, Price & Rhoades, Philadelphia, PA, for plaintiff.

Frank A. Gerolamo, German, Gallagher & Murtagh, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The plaintiff in the matter before the Court today is After Six, Incorporated ("After Six"), a manufacturer and distributor of men's formal wear. After Six has filed a complaint in the United States Bankruptcy Court for the Eastern District of Pennsylvania seeking contractual damages and collection of debt under 11 U.S.C. § 542(b). The defendants, Sharpe's Formal Specialists, Inc. and Sharpe's Formal Wear, Inc. ("Sharpe's"), have since filed a motion for withdrawal of the reference to this Court pursuant to 28 U.S.C. § 157(d), which we address today.

On February 26, 1993, After Six filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Some 21 months later, in November of 1994, After Six initiated an adversary proceeding against Sharpe's in the Bankruptcy Court. The complaint alleges that Sharpe's owed After Six approximately $178,000 for merchandise it shipped to Sharpe's before the petition was filed. The Bankruptcy Court scheduled a trial for January 18, 1995. On December 29, 1994, Sharpe's requested an extension of time in which to answer the complaint. The parties thereafter entered into a stipulation extending the time in which Sharpe's could answer until January 11, 1995. The stipulation further provided that the trial would not be continued, but would proceed as scheduled on January 18. Sharpe's filed its answer with affirmative defenses on January 11. Sharpe's also demanded a jury trial in its answer. On January 18, the date on which the trial was to occur, the Bankruptcy Court determined that the trial could not go forward in light of the jury trial demand.

Thereafter, on January 20, 1995, After Six submitted a motion for summary judgment in the Bankruptcy Court. Sharpe's responded on January 24 by filing the instant motion for withdrawal of the reference to this Court pursuant to 28 U.S.C. § 157(d). Section 157(d) allows the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The argument presented by Sharpe's in support of its contention that cause exists is as follows. First, Sharpe's argues that the matter presented is a non-core proceeding, one that may be heard, but not resolved by, the Bankruptcy Court. Second, Sharpe's cites *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990), for the proposition that the Bankruptcy Court is not permitted to conduct jury trials in non-core proceedings. Sharpe's finally contends that it has demanded and possesses an absolute right to a jury trial in this matter. Thus, Sharpe's asserts that we must withdraw the action so that a jury trial may proceed before this Court in the first instance.

While the instant motion was still pending, the Bankruptcy Court issued its ruling with respect to the summary judgment motion filed by After Six. The Bankruptcy Court entered an order striking the jury trial demand after finding that Sharpe's had waived its right to a jury trial. Further, the Bankruptcy Court concluded that After Six was entitled to an award of partial summary judgment on the merits of the complaint, and it forwarded that conclusion to this Court in the form of a Report and Recommendations to the District Court, pursuant to Fed.R.B.P. 9033(a).[1] As noted above, the request for withdrawal of the reference in this case is predicated upon the contention that Sharpe's is entitled to a jury trial. In light of the Bankruptcy Court's ruling and order to the contrary, therefore, we are not convinced that cause exists to grant the motion for withdrawal of the reference.[2] Accordingly, the motion filed by Sharpe's will be denied.

---

1. *See After Six, Inc. v. Sharpe's Formal Specialties*, No. 94–0940DAS, slip op. at 2, 1995 WL 108209 (Bankr.E.D.Pa. Mar. 7, 1995) ("Since our decision on the Motion is in part a 'final order' entering a judgment against the Defendants for part of the sum sought in the proceeding, *see In re Fleet*, 103 B.R. 578, 587 n. 5 (E.D.Pa.1989), our conclusions on the Motion are presented in the form of a Report and Recommendations to the District Court, pursuant to F.R.B.P. 9033(a), which must then enter a final Order. Our decision on the issue of whether the Defendants are entitled to a jury trial, which is clearly not a 'final order,' is entered as an Order of this court.").

2. In so ruling, we neither endorse nor reject the Bankruptcy Court's conclusion as to the issue of whether Sharpe's waived its right to a jury trial. Our ruling reflects our view that the issue is not properly before us in the motion for withdrawal of the reference.